IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CARROLL D. YOUNG #922331 | § | |
| v. | § | CIVIL ACTION NO. 9:06cv18 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Carroll Young, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Young complains about an incident which occurred on June 13, 2003, in which he was assaulted by his cellmate. He says that the officer on duty, McDonough, had left her post and was not in the dorm. He names a number of other Defendants in the prison administration, but gives no indication why he is suing any of them.

On January 26, 2006, the Magistrate Judge ordered Young to file an amended complaint setting out his claims with more factual specificity. Young did not comply with this order. In his original complaint, Young also gave no indication that he had exhausted his administrative remedies.

On March 24, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Young had failed to prosecute his case and had failed to show exhaustion of administrative remedies. More pertinently, however, the Magistrate Judge concluded that Young's claims were barred by the statute of limitations. Although the incident complained of occurred in June of 2003, Young's complaint was not received by the Court until

January of 2006, outside of the two-year limitations period.  The Magistrate Judge observed that the complaint itself, and some of the accompanying affidavits, were dated in May of 2005, which would place it within the limitations period; however, other documents attached to the original complaint are dated in December of 2005, outside of the limitations period.  Because of the documents dated in December of 2005, which were attached to the original complaint, it is obviously not possible for that complaint to have been mailed in May of that year, when it is dated.  Consequently, the Magistrate Judge determined that the complaint was mailed after the statute of limitations expired, and so recommended that the lawsuit be dismissed on this basis as well.

Young filed objections to the Magistrate Judge's Report on April 13 and April 26, 2006.  In his first set of objections, Young says that he is suing the Defendants in the prison administration because they are responsible for his safety.  He says that he has exhausted his administrative remedies because his grievances were denied, although he states no specifics.  Young indicates that he did file an amended complaint, although the docket shows that no such document has been received.

Turning to the issue of the statute of limitations, Young says that he mailed his complaint to the Court in May of 2005, and that he sent in "additional documents" in January of 2006.  He concedes that there were "other statements" dated in December of 2005, which he says somehow proves that his lawsuit was brought within the limitations period.  Young also argues that the statute of limitations is tolled during a period of incarceration and that his limitations period did not accrue until recently, when he learned that he has hepatitis.

No amended complaint has been received from Young.  The complaint which was received on January 9, 2006, is obviously the original complaint, and there is no mention of this complaint comprising "additional documents."  Exhibit 6 to the original complaint is an affidavit dated December 24, 2005; Exhibit 7 is an affidavit dated December 24, 2005; Exhibit 8 is an affidavit dated December 22, 2005; and Exhibit 9 is an affidavit dated November 12, 2005.  All of these documents were attached to the complaint when it was received, and so it is simply not possible for

Young to have mailed his complaint in May of 2005. Young does not address this problem, but simply argues that he mailed his complaint in May and the other statements in December, which is not possible because they arrived in the same package, and the fact that his complaint is dated in May does not change this.

In his second set of objections, Young attaches a personal letter to him dated April 10, which he says that he received on April 17, apparently to show that mail is delayed for four or five days. He also attaches a letter which he sent to a state court in Houston County, dated October of 2005, talking about a complaint which he says that he sent to that Court in June. Young also includes medical records, copies of grievances which he filed in November and December of 2005 which were returned unprocessed because the grievable time period had expired and informal resolution was not attempted, copies of letters he received from the Commission on Safety and Abuse in America's Prisons, a letter from his criminal defense attorney, a letter to the County Court at Law Judge in Houston County, and other documents and correspondence. None of these documents show that the Magistrate Judge erred in concluding that Young's lawsuit is barred by the statute of limitations, in that it could not have been mailed before December of 2005, some two years and five months after the incident occurred.

Young is incorrect that imprisonment tolls the limitations period; this disability was removed by the Texas legislature in 1987. Burrell v. Newsome, 883 F.2d 416, 420 (5th Cir. 1989). The fact that Young did not learn that he had hepatitis until recently does not extend the limitations period, because he was aware that he had been assaulted, and that he suffered injuries therefrom, on the date of the incident; he need not be aware of each and every injury which he says resulted from the incident. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (limitations period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured); cf. U.S. v. Kubrick, 444 U.S. 111, 115 (1979) (statute of limitations begins to run when the plaintiff knows the facts of injury and causation). These contentions are without merit.

     The Court has conducted a careful *de novo* review of the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in this case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

     ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

     ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  It is further

     ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

     So **ORDERED** and **SIGNED** this **23** day of **May, 2006.**

_____
Ron Clark, United States District Judge